[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Reynolds v. Nix*, Slip Opinion No. 2024-Ohio-4669.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2024-OHIO-4669

THE STATE EX REL. REYNOLDS *v*. NIX.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Reynolds v. Nix*, Slip Opinion No. 2024-Ohio-4669.]

*Quo warranto—Elections—R.C. 2961.01(A)(1)—R.C. 305.02—Officer-elect who was incompetent under R.C. 2961.01(A)(1) to serve as county auditor at start of elected term because he had been found guilty of a felony offense is not entitled to serve remainder of term for which he was elected after his guilty verdict was reversed on appeal, because another person validly holds the position as county auditor by appointment under R.C. 305.02—Writ denied.*

(No. 2024-1244—Submitted September 20, 2024—Decided September 25, 2024.)

IN QUO WARRANTO.

_____

The per curiam opinion below was joined by KENNEDY, C.J., and FISCHER, DEWINE, STEWART, BRUNNER, and DETERS, JJ. DONNELLY, J., dissented, with an

opinion.

**Per Curiam.**

{¶ 1} Relator, Roger Reynolds, has filed an original action in quo warranto against respondent, Nancy Nix, the Butler County auditor. Reynolds was elected to serve as the Butler County auditor for a term beginning in March 2023 and ending in March 2027 ("the March 2023 term"), but he never took office for that term because a jury found him guilty of a felony prior to the start of the term, a finding that disqualified him from taking office. Nix was appointed to fill the vacancy. However, Reynolds's guilty verdict was recently reversed by the Twelfth District Court of Appeals, and he now seeks a writ ousting Nix from the county auditor's office and instating him as auditor. Meanwhile, an election to fill the remainder of the March 2023 term for Butler County auditor is scheduled for November 2024. Because Reynolds has not shown that he is entitled to the relief he seeks, we deny the writ.

## I. FACTUAL AND PROCEDURAL HISTORY

{¶ 2} In November 2018, Reynolds was elected to a four-year term as Butler County auditor, beginning in March 2019 and ending in March 2023. He served that term through late December 2022.

{¶ 3} Although reelected in November 2022 to serve as auditor for the March 2023 term, in December 2022, Reynolds was found guilty by a Butler County Court of Common Pleas jury of having an unlawful interest in a public contract, a fourth-degree felony in violation of R.C. 2921.42(A). Because Reynolds was found guilty of a felony offense, he became incompetent to hold an office of honor, trust, or profit—including the office of county auditor—unless the verdict was later reversed or annulled. *See* R.C. 2961.01(A)(1).

{¶ 4} Because of the guilty verdict, Reynolds never took office for the March 2023 term to which he had been elected. In February 2023, the Butler

County Republican Party Central Committee appointed Nix to fill the vacancy for the March 2023 term created by Reynolds's guilty verdict. *See* R.C. 305.02. In a separate vote, the committee also appointed Nix to serve as auditor for the remainder of the unexpired term ending in March 2023. Nix received a commission from the governor, and on March 10, she was sworn in for the beginning of the March 2023 term. Nix continues to serve as the Butler County auditor. And voters will elect a successor for the remainder of the March 2023 term at the November 5, 2024 general election. *See* R.C. 305.02(A).

{¶ 5} Meanwhile, on April 3, 2023, the trial-court judge in Reynolds's criminal case entered a judgment of conviction against him. *See State v. Reynolds*, Butler C.P. No. CR2022-02-0162 (Apr. 3, 2023). Reynolds appealed his felony conviction. On May 13, 2024, the Twelfth District reversed Reynolds's conviction on grounds of insufficient evidence and ordered the trial court to issue a judgment of acquittal. *State v. Reynolds*, 2024-Ohio-1835, ¶ 21 (12th Dist.). The State appealed to this court, but on August 20, we declined to accept jurisdiction over the appeal. *See* 2024-Ohio-3096. On August 22, the trial court issued a judgment of acquittal. *Reynolds*, Butler C.P. No. CR2022-02-0162 (Aug. 22, 2024). Reynolds subsequently asked Nix and the county prosecutor's office to allow him to serve the remainder of the March 2023 term as auditor, but they have not allowed him to do so.

{¶ 6} On September 3, Reynolds filed this quo warranto action. He requests a writ (1) stating that he is entitled to hold the office and exercise the duties of the Butler County auditor and (2) ousting Nix from the office. He also requests awards of attorney fees and costs. Reynolds also filed a motion to expedite this case, given the pending November election.

{¶ 7} We issued an alternative writ, ordered the submission of evidence and briefs, and granted Reynolds's motion to expedite. 2024-Ohio-4455. The case is now ripe for consideration on the merits.

## II.  ANALYSIS

### A.  *Preliminary arguments*

**{¶ 8}** Before turning to whether Reynolds has met the requirements for a writ of quo warranto, we address two preliminary issues raised by Nix: standing and laches.  Nix also argues that Reynolds's request for a writ of quo warranto is barred by equitable estoppel, but because we deny the writ on other grounds, we do not decide that issue.

### 1.  *Standing*

**{¶ 9}** Nix argues that Reynolds lacks standing to bring this quo warranto action.  We disagree.

**{¶ 10}** A person claiming entitlement to a "public office unlawfully held and exercised by another" may bring a quo warranto action.  R.C. 2733.06.  "To establish standing, a relator in quo warranto need not prove his own title beyond all doubt.  He need only establish his claim in good faith and upon reasonable grounds." (Cleaned up.)  *State ex rel. Swanson v. Maier*, 2013-Ohio-4767, ¶ 21.  Reynolds was elected to serve as the Butler County auditor for the March 2023 term.  He was ineligible to take office when a jury found him guilty of a felony offense, but his guilty verdict has since been reversed.  Whether the reversal of a guilty verdict entitles a person who was elected to a public office to assume that office in the middle of the term appears to be a question of first impression in this court.  Although, as discussed below, we deny the writ, Reynolds has established his claim in good faith and on reasonable grounds.  *But see State ex rel. Flanagan v. Lucas*, 2014-Ohio-2588, ¶ 22 (lead opinion) (relator did not have standing to bring quo warranto action, because caselaw foreclosed argument that relator was entitled to office).

### 2.  *Laches*

**{¶ 11}** Nix argues that Reynolds is barred by laches from obtaining a writ of quo warranto.  We disagree.

**{¶ 12}** "The elements of a laches defense are (1) unreasonable delay or lapse of time in asserting a right, (2) absence of an excuse for the delay, (3) knowledge, actual or constructive, of the injury or wrong, and (4) prejudice to the other party." *State ex rel. Cater v. N. Olmstead*, 1994-Ohio-488, ¶ 50. Nix has not shown that Reynolds unreasonably delayed in bringing this action. First, Nix argues that Reynolds should have brought this quo warranto action in December 2022, shortly after he was found guilty of a felony offense. She argues that Reynolds could have asserted then that his inability to take office for the March 2023 term was temporary. But Reynolds could not have claimed entitlement to the office at that time: he was incompetent to hold office as a result of the guilty verdict returned by the jury, and his incompetency ended only when his guilty verdict was reversed. *See* R.C. 2961.01(A). Second, Nix argues that Reynolds should have brought this action shortly after May 13, 2024, when the Twelfth District issued its decision reversing Reynolds's conviction. The State, however, appealed the court of appeals' decision to this court, and we did not decline jurisdiction until August 20. *See* 2024-Ohio-3096. The trial court issued its judgment of acquittal on August 22. *See Reynolds*, Butler C.P. No. CR2022-02-0162 (Aug. 22, 2024). And Reynolds brought this original action in quo warranto on September 3. We do not fault Reynolds for waiting for the appeal in his criminal case to be fully resolved and the judgment of acquittal to issue from the trial court before bringing this quo warranto action. Because Reynolds did not unreasonably delay in bringing this action, his request for a writ of quo warranto is not barred by laches, and we do not need to analyze the other prongs of the test for a successful laches defense.

*B. Reynolds is not entitled to a writ of quo warranto*

**{¶ 13}** "Quo warranto is the exclusive remedy to litigate the right of a person to hold public office." *State ex rel. Calvaruso v. Brown*, 2014-Ohio-1018, ¶ 26. For a writ to issue, Reynolds must establish that (1) Nix is unlawfully holding the office of Butler County auditor and exercising the duties of that office and (2)

Reynolds is entitled to the office. *Id.*; *see also* R.C. 2733.01. We conclude that Reynolds has not done so.

### 1. The plain language of R.C. 2961.01(A)(1) and R.C. 305.02

{¶ 14} Reynolds argues that under R.C. 2961.01(A)(1), he is entitled to serve as the Butler County auditor for the remainder of the March 2023 term. R.C. 2961.01(A)(1) states:

> A person who pleads guilty to a felony under the laws of this or any other state or the United States and whose plea is accepted by the court or a person against whom a verdict or finding of guilt for committing a felony under any law of that type is returned, unless the plea, verdict, or finding is reversed or annulled, is incompetent to be an elector or juror or to hold an office of honor, trust, or profit.

{¶ 15} Reynolds agrees that the office of Butler County auditor is an "office of honor, trust, or profit," R.C. 2961.01(A)(1). And he agrees the guilty verdict returned by the jury rendered him incompetent to serve as auditor at the beginning of the March 2023 term. But he argues that because the guilty verdict has now been reversed, he is able and entitled to serve as auditor for the remainder of the March 2023 term he was elected to.

{¶ 16} Because Reynolds's guilty verdict has been reversed, he is now *competent* to serve in an office of honor, trust, or profit. But it does not follow that he is *entitled* to serve in the specific office to which he was elected but which he was never sworn in to. Rather, R.C. 2961.01(A)(1) must be read in conjunction with R.C. 305.02, which sets forth the process for filling vacancies in county offices. The version of R.C. 305.02 that was in effect in December 2022 when

Reynolds was found guilty of a felony offense and in March 2023 when the vacancy was filled stated:[1]

> (A) If a vacancy in the office of . . . county auditor . . . occurs more than forty days before the next general election for state and county officers, a successor shall be elected at such election for the unexpired term unless such term expires within one year immediately following the date of such general election.
>
> In either event, the vacancy shall be filled as provided in this section and the appointee shall hold office until a successor is elected and qualified.
>
> (B) If a vacancy occurs from any cause in any of the offices named in division (A) of this section, the county central committee of the political party that nominated the last occupant of the office as a candidate for that office for the current term shall appoint a person to hold the office and to perform the duties thereof until a successor is elected and has qualified, except that if such vacancy occurs because of the death, resignation, or inability to take the office of an officer-elect whose term has not yet begun, an appointment to take such office at the beginning of the term shall be made by the central committee of the political party that nominated the officer-elect as a candidate for that office for that term.

2016 Sub.S.B. No. 63 (effective Sept. 13, 2016).

---

1. R.C. 305.02 was amended effective April 3, 2023. *See* 2022 Sub.H.B. No. 405. Citations to R.C. 305.02 in this opinion are to the version of the statute as it existed when the vacancy in the office of Butler County auditor occurred.

{¶ 17} Because Reynolds was found guilty of a felony offense in December 2022 and the guilty verdict had not been reversed or annulled by the time the March 2023 term for Butler County auditor commenced, Reynolds was unable to take office at the start of that term. *See* R.C. 2961.01(A)(1). There was thus a vacancy in that office at the beginning of the March 2023 term. Under R.C. 305.02(B), the Butler County Republican Party Central Committee appointed Nix to fill the vacancy. Nix was sworn in and will "hold the office and . . . perform the duties thereof until a successor is elected and has qualified," R.C. 305.02(B). A successor will be elected at the November 2024 general election. *See* R.C. 305.02(A).

{¶ 18} Reynolds argues, however, that because his guilty verdict has been reversed, he is entitled to take office for the remainder of the March 2023 term. This interpretation is not supported by the text of R.C. 305.02 or 2961.01. R.C. 305.02 states that if a vacancy "occurs from any cause," the vacancy shall be filled in accordance with the statute, and the context of the statute indicates that the vacancy occurs immediately upon that event—for example, upon resignation or death of the officer-elect. Here, the cause of the vacancy in the office of the Butler County auditor at the beginning of the March 2023 term was Reynolds's inability to take office because he was found guilty of a felony offense. Accordingly, R.C. 305.02(B) sets forth the method by which that vacancy was to be filled.

{¶ 19} Once a vacancy occurs, the statutorily designated authority makes an appointment to fill the vacancy, and that appointee "shall hold office until a successor is elected and qualified," R.C. 305.02(A). No portion of R.C. 305.02 provides that the vacancy, once it occurs and has been filled by a lawful appointee, can be reversed or otherwise nullified. *See State ex rel. Trago v. Evans*, 166 Ohio St. 269, 274-275 (1957) (rejecting quo warranto claim of former county officer whose office was vacated when he left the county for 90 days, even though he subsequently returned to the county). And no portion of R.C. 2961.01 states that if a person's guilty verdict for a felony offense is reversed the person shall be

reinstated to the public office the person held when the verdict was rendered. Because Reynolds was unable to take office as the Butler County auditor at the start of the March 2023 term, there was a vacancy in the office, and Nix was appointed "to hold office until a successor is elected and qualified," R.C. 305.02(A). Upon Nix's appointment, the vacancy ended. Therefore, Reynolds is not entitled to the relief that he seeks in quo warranto.

{¶ 20} Reynolds does not cite any precedent that says once a vacancy in a public office occurs and the vacancy has been lawfully filled, the original officer or officer-elect has a vested right to that office if the condition that created the vacancy later ceases to exist. Reynolds does cite one case, *State ex rel. Gains v. Rossi*, that indicates that a convicted felon may *remain* in office if the officeholder is restored to competency midterm. 1999-Ohio-213, ¶ 13-14. In *Gains*, this court denied the request for a writ of quo warranto sought by a county prosecutor against a city councilperson who had been convicted of a felony nine years earlier. *Id.* at ¶ 1-2, 18. During the pendency of the quo warranto action, the councilperson obtained a court order expunging his federal conviction, *id.* at ¶ 3, which we ruled restored the councilperson's competency to hold office, *id.* at ¶ 12, 18. In *Gains*, however, the councilperson was serving in office when the quo warranto action was filed. *Id.* at ¶ 3. There was not, as here, a vacancy in office at the beginning of a term that had been filled by a lawful appointee. *Gains* has little relevance to Reynolds's action.

{¶ 21} Moreover, Reynolds cannot claim a vested interest in serving the remainder of the March 2023 term as auditor. Ohio law has long recognized that "[p]ublic offices are held neither by grant nor contract, and no person has a vested interest or private right of property in them." *Trago* at paragraph one of the syllabus. The legislature can, for example, abolish an elected office in the middle of an officer's term, leaving the officer no right to serve the remainder of that term. *See Geisinger v. Cook*, 52 Ohio St.2d 51, 56-57 (1977) (elected judge whose court was abolished by General Assembly midterm had no vested right in judgeship,

because the court to which he was elected no longer existed); *see also Greene v. Cuyahoga Cty.*, 2011-Ohio-5493, ¶ 39 (8th Dist.) (rejecting argument that a county officer has a "constitutional right to complete a *term of office*" when the office has been abolished midterm [emphasis in original]).

{¶ 22} Reynolds also argues that various rules of construction for interpreting ambiguous statutes favor an interpretation of R.C. 2961.01(A)(1) that allows him to serve as the Butler County auditor for the remainder of the March 2023 term. He cites the rule of lenity, *see State v. Pendergrass*, 2020-Ohio-3335, ¶ 25; R.C. 2901.04(A), the preservation-of-constitutionality rule, *see State v. Jeffries*, 2020-Ohio-1539, ¶ 27, and the statutory factors in R.C. 1.49. But as Reynolds admits, these principles apply only if a statute is ambiguous. And neither R.C. 2961.01(A)(1) nor 305.02 are ambiguous. Reynolds is now competent to hold office, but he is not entitled to serve as the Butler County auditor for the remainder of the March 2023 term.

{¶ 23} Based on the plain language of R.C. 2961.01(A)(1) and 305.02, Reynolds has not shown that he is entitled to serve as the Butler County auditor for the remainder of the March 2023 term. Nor has he shown that Nix is unlawfully holding the office or exercising the duties thereof. He has thus not met the requirements for a writ of quo warranto.

### 2. Constitutional arguments

{¶ 24} Reynolds additionally argues that R.C. 2961.01(A)(1) is unconstitutional as applied to him if it prohibits him from serving the remainder of the March 2023 term as the Butler County auditor. We disagree.

{¶ 25} "Where an act is challenged on the ground that it is unconstitutional when applied to a particular state of facts, the burden rests upon the party making such attack to present clear and convincing evidence of a presently existing state of facts which makes the act unconstitutional and void when applied thereto." *Belden Union Cent. Life Ins. Co.*, 143 Ohio St. 329, paragraph six of the syllabus (1944).

All statutes are entitled to a strong presumption of constitutionality. *Yajnik v. Akron Dept. of Health, Hous. Div.*, 2004-Ohio-357, ¶ 16.

{¶ 26} Reynolds grounds his constitutional arguments in two sources. First, he cites Article V, Section 4 of the Ohio Constitution, which provides that "[t]he General Assembly shall have power to exclude from the privilege of voting, or of being eligible to office, any person convicted of a felony." R.C. 2961.01(A)(1) generally complies with that provision. *See State v. Bissantz*, 40 Ohio St.3d 112, 115-116 (1988). Reynolds argues, however, that if R.C. 2961.01(A)(1) prevents him from serving the remainder of the March 2023 term as the Butler County auditor, then the statute exceeds the legislature's authority under Article V, Section 4 of the Ohio Constitution by making him ineligible for office even though his guilty verdict has been reversed. But R.C. 2961.01(A)(1) does not make him ineligible to hold office. Reynolds may run for and hold office now and in the future. Reynolds is conflating eligibility to hold office with entitlement to hold a specific office that is currently held by a lawful appointee. And he has no vested interest in that specific office. *See Trago*, 166 Ohio St. 269, at paragraph one of the syllabus.

{¶ 27} Second, Reynolds cites multiple provisions of both the Ohio and United States Constitutions for the general principle that a criminal penalty cannot be imposed without a criminal conviction. We have held that "[i]n depriving a convicted felon of his right to hold public office, the primary aim of [R.C. 2961.01] is to impose an additional penalty for the commission of a felony." *Bissantz* at 115. Reynolds argues that if R.C. 2961.01(A)(1) prevents him from serving as auditor even though his guilty verdict has been reversed, it unconstitutionally imposes a criminal penalty on him without a criminal conviction. But similar to Reynolds's argument regarding Article V, Section 4 of the Ohio Constitution, Reynolds is not deprived of the right to hold public office. He can hold office now and in the future.

What he cannot do is return to the specific office to which Nix was appointed during Reynolds's period of incompetency.

{¶ 28} Nor has Reynolds shown that the statute's effect of rendering him unable to serve the remainder of the March 2023 term as the Butler County auditor unconstitutionally imposes a criminal penalty on him without a conviction. Reynolds does not ground this argument in a specific constitutional provision. But we have held that a public officer can be disqualified and ousted immediately upon an adjudication of guilt for theft in office, even before sentencing commences or posttrial motions are heard, because "[t]he public interest is best served by precluding the possibility of further illegal activities when an official has either been adjudicated guilty or pled guilty to theft in office and is awaiting sentencing." *State ex rel. Watkins v. Fiorenzo*, 1994-Ohio-104, ¶ 8 (interpreting R.C. 2921.41, the theft-in-office statute); *see also Hughes v. Brown*, 62 Ohio App.3d 417, 423 (10th Dist. 1989) (a public officer's removal from office under R.C. 2961.01 upon his being adjudicated guilty of a felony complies with constitutional due-process requirements, even if the officer is removed while an appeal is pending).

{¶ 29} Similar logic applies here. Notably, R.C. 2961.01(A)(1) provides that a person is incompetent to hold office upon the return of a guilty verdict, not upon the person's later conviction. *See State v. Poindexter*, 36 Ohio St.3d 1, 5 (1988) (generally, a conviction requires both a determination of guilt and the imposition of a penalty). Although in *Bissantz* we stated that the "primary aim" of R.C. 2961.01 is to impose an additional penalty on a person who has been adjudicated guilty of a felony by depriving him of the right to hold public office, *Bissantz* at 115, "primary aim" does not mean "only aim." The statute also protects the public from harm if a guilty verdict is returned against a public officer: the statute provides certainty to the public that it will not be further harmed while the officer pursues appeals.

**{¶ 30}** A jury found Reynolds guilty of a fourth-degree felony. To protect the public, R.C. 2961.01(A)(1) provides that such a guilty verdict made Reynolds incompetent to hold "an office of honor, trust, or profit." And because Reynolds was incompetent to hold such an office, he could not serve as the Butler County auditor when the guilty verdict was rendered. This precautionary result, which the statute plainly envisions, is not clearly and convincingly unconstitutional, even though Reynolds's guilty verdict was eventually reversed.

### III. CONCLUSION

**{¶ 31}** Reynolds has not shown that he is entitled to serve the remainder of the March 2023 term of office of the Butler County auditor or that Nix is unlawfully holding the office or exercising the duties thereof. Nor has he shown that the application of R.C. 2961.01(A)(1) to the facts of this case leads to an unconstitutional result. Therefore, we deny Reynolds's request for a writ of quo warranto. We also deny his requests for awards of attorney fees and costs.

Writ denied.

_____

**DONNELLY, J., dissenting.**

**{¶ 32}** Because I would hold that relator, Roger Reynolds, is entitled to the office of Butler County auditor for the remainder of the term to which he was elected, I respectfully dissent.

**{¶ 33}** In November 2022, Reynolds was reelected to serve as the Butler County auditor for the March 2023 through March 2027 term. In December 2022, he was found guilty of having an unlawful interest in a public contract, a fourth-degree felony in violation of R.C. 2921.42(A)(1). *See State v. Reynolds*, Butler C.P. No. CR2022-02-0162 (Apr. 3, 2023). In May 2024, Reynolds's conviction was reversed because it was not based on legally sufficient evidence. *State v. Reynolds*, 2024-Ohio-1835, ¶ 22 (12th Dist.). From what I can tell from the record

13

in this case, it was questionable for the Ohio attorney general to have pursued the charge against Reynolds.

{¶ 34} The fundamental purpose underlying quo warranto is "to safeguard the public interests by protecting . . . against the unlawful usurpation of governmental prerogatives." *State ex rel. Cain v. Kay*, 38 Ohio St.2d 15, 16 (1974). Reynolds regained his competency to hold public office under R.C. 2961.01(A)(1) when his conviction was reversed. Because Reynolds is competent to hold office and because he was democratically elected by the citizens of Butler County to hold the office of Butler County auditor through March 2027, I would conclude that continued service by the appointed auditor, respondent, Nancy Nix, would contravene the will of Butler County's voters and that reinstating Reynolds to his elected position would safeguard their interests.

{¶ 35} I would grant Reynolds's request for a writ of quo warranto, and I would award him attorney fees and costs. Accordingly, I respectfully dissent.

_____

Taft Stettinius & Hollister, L.L.P., Aaron M. Herzig, W. Stuart Dornette, Chad R. Ziepfel, and Annie M. McClellan, for relator.

Michael T. Gmoser, Butler County Prosecuting Attorney, and Kevin J. Gerrity and Patrick R. Oelrich, Assistant Prosecuting Attorneys, for respondent.

_____