[Cite as *State v. Smith*, 2025-Ohio-2736.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## GEAUGA COUNTY

| | |
|---|---|
| STATE OF OHIO, | CASE NO. 2025-G-0005 |
| Plaintiff-Appellee, | |
| - vs - | Criminal Appeal from the Court of Common Pleas |
| CHRISTOPHER B. SMITH, JR., | Trial Court No. 2023 C 000131 |
| Defendant-Appellant. | |

## OPINION AND JUDGMENT ENTRY

Decided: August 4, 2025
Judgment: Affirmed

*James R. Flaiz*, Geauga County Prosecutor, and *Christian A. Bondra*, Assistant Prosecutor, Courthouse Annex, 231 Main Street, Suite 3A, Chardon, OH 44024 (For Plaintiff-Appellee).

*R. Robert Umholtz*, Geauga County Public Defender, 211 Main Street, Chardon, OH 44024 (For Defendant-Appellant).

JOHN J. EKLUND, J.

{¶1} Appellant, Christopher B. Smith, Jr., appeals from his judgment of conviction in the Geauga County Court of Common Pleas sentencing him to community control sanctions following his no-contest plea to Failure to Register Change of Employment, a third-degree felony.

{¶2} Appellant raises a single assignment of error, contending that the trial court erred by denying his motion to dismiss the indictment. Appellant is a Tier III sex offender. He argues that R.C. 2950.05(F)(2), which prohibits a sex offender from failing to register a new "place of employment address" with the county sheriff, is unconstitutionally vague

as applied to him. Specifically, Appellant works for a company that provides janitorial services to businesses throughout Northeast Ohio. He contends that the term "place of employment address" is ambiguous because it may refer to his employer's business location or to the locations where he was assigned to work.

{¶3} Having reviewed the record and the applicable law, we find that Appellant's assignment of error is without merit. R.C. 2950.05(F)(2) is not unconstitutionally vague as applied to Appellant. The common meaning of "place of employment address" is the address of the physical environment where one engages or is employed in activity, i.e., the location where Appellant performs work. Therefore, we affirm the judgment of the Geauga County Court of Common Pleas.

**Substantive and Procedural History**

{¶4} Appellant is a Tier III sex offender as a result of his sex-offense convictions in the Erie County Common Pleas Court. Consequently, Appellant is subject to lifetime registration requirements under R.C. Ch. 2950.

{¶5} At all relevant times, Appellant resided at East 61st Street in Cleveland, Ohio. He was employed through the Center for Employment Opportunities ("the Center") located on Hamilton Avenue in Cleveland. In March or April 2023, the Center placed Appellant with Immaculate Cleaning, which provides janitorial services to businesses throughout Northeast Ohio. Each workday, Appellant and others reported to a location at 115th Street in Cleveland. Immaculate Cleaning transported the assembled cleaning crew to the assigned work location. At the end of each workday, Immaculate Cleaning transported the cleaning crew back to the 115th Street location, at which time Appellant

returned to his residence. Appellant registered his residence and his employer's name and business location with the Cuyahoga County Sheriff.[1]

{¶6} At some point in 2023, Immaculate Cleaning assigned Appellant's cleaning crew to work for several weeks at Camp Wise, which is a children's camp located in Geauga County. On June 21, 2023, law enforcement responded to Camp Wise and arrested Appellant.[2]

{¶7} On August 21, 2023, the Geauga County Grand Jury indicted Appellant for Failure to Register Change of Employment, a third-degree felony in violation R.C. 2950.05(F)(2). That statute provides:

> *No person who is required to register a new* residence, school, institution of higher education, or *place of employment address with a sheriff* or with an official of another state *pursuant to divisions (B) and (C) of this section shall fail to register with the appropriate sheriff* or official of the other state *in accordance with those divisions*.

(Emphasis added.)

{¶8} The State alleged that Appellant violated R.C. 2950.05(F)(2) by failing to register Camp Wise with the Geauga County Sheriff as his new place of employment address.

{¶9} On December 19, 2023, Appellant was arraigned, pleaded not guilty, and was appointed counsel.

{¶10} On August 16, 2024, Appellant filed a motion to dismiss the indictment. Appellant contended that the term "place of employment address" in R.C. 2950.05(F)(2)

---

1. It is unclear from the record whether Appellant's registration identified his employer as the Center, Immaculate Cleaning, or both; however, resolving that issue is not necessary for our disposition.

2. Appellant contends that he was found guilty of violating his parole for being in the presence of children and sentenced to six months in prison; however, that proceeding is not part of the record before us.

Case No. 2025-G-0005

is ambiguous. According to Appellant, it is unclear whether the term refers to his employer's business location in Cuyahoga County or to the locations where his employer assigns him to work. On August 29, 2024, the State filed a brief in opposition to Appellant's motion. The State argued that "place of employment address" refers to the location where Appellant's work occurs.

{¶11} On October 4, 2024, the trial court filed a judgment entry denying Appellant's motion to dismiss. The trial court found that Appellant's "place of employment" is "where he spent the majority of his work day on a daily basis." On October 7, 2024, the trial court filed an entry correcting the time period in which Appellant worked at Camp Wise (i.e., several weeks instead of several months). However, the court determined that this factual error did not affect its rationale or ruling.

{¶12} On November 8, 2024, the trial court held a plea hearing. Appellant pleaded no contest. The trial court accepted Appellant's plea and found him guilty.

{¶13} On January 15, 2025, the trial court held a sentencing hearing. The trial court sentenced Appellant to three years of non-residential community control sanctions.

{¶14} On January 21, 2025, the trial court filed Appellant's judgment of conviction. On February 14, 2025, the trial court filed a nunc pro tunc judgment correcting a clerical error unrelated to this appeal.

{¶15} On February 14, 2025, Appellant timely appealed. He raises the following assignment of error: "Defendant-Appellant's due process rights under the vagueness doctrine of the Fifth Amendment and Fourteenth Amendments to the Constitution of the United States and Article I Section 16 of the Ohio Constitution, as applied to the facts of

the Defendant-Appellant's case, were violated by the trial court's denial of his Motion to Dismiss."

## Standard of Review

{¶16} In his sole assignment of error, Appellant argues that the trial court erred by denying his motion to dismiss because R.C. 2950.05(F)(2) is unconstitutionally vague under the federal and Ohio Constitutions. The constitutionality of a statute is a question of law that we review de novo. *Cleveland v. State*, 2019-Ohio-3820, ¶ 15.

{¶17} Appellant asserts that R.C. 2950.05(F)(2) is unconstitutional as applied to the facts of his case. "All statutes are entitled to a strong presumption of constitutionality." *State ex rel. Reynolds v. Nix*, 2024-Ohio-4669, ¶ 25. *See* R.C. 1.47(A) ("In enacting a statute, it is presumed that . . . [c]ompliance with the constitutions of the state and of the United States is intended"). In an as-applied constitutional challenge, "the party making the challenge bears the burden of presenting clear and convincing evidence of a presently existing set of facts that make the statute[] unconstitutional and void when applied to those facts." *Harrold v. Collier*, 2005-Ohio-5334, ¶ 38.

## Vagueness

{¶18} "'[T]he void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement.'" *State v. Hacker*, 2023-Ohio-2535, ¶ 30, quoting *Kolender v. Lawson*, 461 U.S. 352, 357 (1983). "Thus, the adequacy of notice is evaluated from two perspectives: whether a person subject to the law can understand what is prohibited and whether those prohibitions are clear enough to prevent arbitrary enforcement." *Id*.

Case No. 2025-G-0005

To prevail, "the challenging party must show that the statute is vague 'not in the sense that it requires a person to conform his conduct to an imprecise but comprehensible normative standard, but rather in the sense that no standard of conduct is specified at all.'" *State v. Anderson*, 57 Ohio St.3d 168, 171 (1991), quoting *Coates v. Cincinnati*, 402 U.S. 611, 614 (1971).

{¶19} "A statute . . . is not necessarily void for vagueness, however, merely because it could have been more precisely worded." *State v. Dorso*, 4 Ohio St.3d 60, 61 (1983).  The Supreme Court of the United States has observed that "[m]any statutes will have some inherent vagueness, for '[i]n most English words and phrases there lurk uncertainties.'" *Rose v. Locke*, 423 U.S. 48, 49-50 (1975), quoting *Robinson v. United States*, 324 U.S. 282, 286 (1945).  "Even trained lawyers may find it necessary to consult legal dictionaries, treatises, and judicial opinions before they may say with any certainty what some statutes may compel or forbid." *Id*. at 50.

{¶20} "A court's objective when construing a statute is to give effect to the legislature's intent.  We seek legislative intent first in the statutory language.  If the statutory language is clear and unambiguous, we apply it as written, giving effect to its plain meaning." (Citations omitted.) *State v. Bryant*, 2020-Ohio-1041, ¶ 12.  In addition, "[w]e read words in a statute in the context of the whole statute.  'Our role is to evaluate the statute as a whole and to interpret it in a manner that will give effect to every word and clause, avoiding a construction that will render a provision meaningless or inoperative.'" (Citation omitted.)  *Id*. at ¶ 17, quoting *State ex rel. Natl. Lime & Stone Co. v. Marion Cty. Bd. of Commrs.*, 2017-Ohio-8348, ¶ 14.

Case No. 2025-G-0005

{¶21} "When a statute defines a criminal offense, we construe the statute strictly against the state and liberally in favor of the accused." *Id.* at ¶ 12; R.C. 2901.04(A). However, "[f]urther interpretation is necessary only when the statutory language is ambiguous and subject to varying interpretations." *Bryant* at ¶ 12.

**Analysis**

{¶22} Appellant was convicted of violating R.C. 2950.05(F)(2), which provides, in relevant part, that "[n]o person who is required to register a *new . . . place of employment address* with a sheriff . . . pursuant to divisions (B) and (C) of this section shall fail to register with the appropriate sheriff . . . in accordance with those divisions." (Emphasis added.)

{¶23} Appellant argues that the term "place of employment address" is ambiguous because the statute does not define it. According to Appellant, it could refer to his employer's business location or to the locations where he is assigned to work.

{¶24} Appellant is correct that there is no definition of "place of employment address" in R.C. 2950.05 or within R.C. Ch. 2950. However, "[a] legislative body need not define every word it uses in an enactment." *Dorso*, 4 Ohio St.3d at 62. "[A]ny term left undefined by statute is to be accorded its common, everyday meaning." *Id*.; *see* R.C. 1.42 ("Words and phrases shall be . . . construed according to the rules of grammar and common usage"). "In determining the 'common and ordinary meaning' of words, courts may look to dictionaries." *Athens v. McClain*, 2020-Ohio-5146, ¶ 30.

{¶25} The dictionary defines "place" as a "physical environment." *Merriam-Webster Online*, https://www.merriam-webster.com/dictionary/place (accessed July 24, 2025). "Employment" is defined as "activity in which one engages or is employed."

*Merriam-Webster Online*, https://www.merriam-webster.com/dictionary/employment (accessed July 24, 2025). Therefore, "place of employment address" means the address of the physical environment where one engages or is employed in activity, i.e., the location where an offender performs work. This is similar to the legal meaning of "place of employment," which is "[t]he location at which work done in connection with a business is carried out; the place where some process or operation related to the business is conducted." *Black's Law Dictionary* (12th Ed. 2024).

{¶26} This reading is confirmed by the statutory scheme. R.C. 2950.05(B) and (C) reference an offender's initial registration duties under R.C. 2950.04(A)(2). R.C. 2950.04(A)(2)(c) provides, in relevant part, that "[t]he offender shall register personally with the sheriff, or the sheriff's designee, of the county in which the offender is employed if the offender resides or has a temporary domicile in this state and has been employed in that county *for more than three days or for an aggregate period of fourteen or more days in that calendar year*." (Emphasis added.) Thus, the statutory scheme recognizes that some offenders, like Appellant, may perform short-term work at several different locations.

{¶27} Appellant argues that the "common ordinary person" would believe that the term "place of employment" refers to the name and address of his or her employer. However, Appellant cites no authority in support of his assertion.

{¶28} Since the statutory language is clear and unambiguous, we have no basis upon which to apply the tools of statutory construction in R.C. 1.49 or the rule of lenity in R.C. 2901.04(A). *See Reynolds*, 2024-Ohio-4669, at ¶ 22.

Case No. 2025-G-0005

{¶29} In sum, the term "place of employment address" in R.C. 2950.05(F)(2) is not unconstitutionally vague as applied to Appellant. Therefore, the trial court properly denied Appellant's motion to dismiss.

{¶30} Appellant's sole assignment of error is without merit.

{¶31} For the foregoing reasons, the judgment of the Geauga County Court of Common Pleas is affirmed.


EUGENE A. LUCCI, J.,

SCOTT LYNCH, J.,

concur.

# JUDGMENT ENTRY

For the reasons stated in the opinion of this court, Appellant's assignment of error is without merit. It is the judgment and order of this court that the judgment of the Geauga County Court of Common Pleas is affirmed.

Costs to be taxed against Appellant.

_____
JUDGE JOHN J. EKLUND

_____
JUDGE EUGENE A. LUCCI,
concurs

_____
JUDGE SCOTT LYNCH,
concurs

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

Case No. 2025-G-0005